**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL VICTORY, | No. 11-16187 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-01578-LJO-DLB |
| v. | |
| ARNOLD SCHWARZENEGGER, Governor; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 11, 2013[**]

Before:      FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

California state prisoner Michael Victory appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (per curiam), and a determination that a prisoner failed to exhaust administrative remedies under the Prison Litigation Reform Act, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly granted summary judgment because Victory failed to establish a genuine dispute of material fact as to whether defendants consciously disregarded Victory's serious medical needs by denying his requests for an egg crate mattress, a lower tier cell, an MRI, and a bone scan.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim); s*ee also id.* at 1059-60 (difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference).

The district court properly dismissed Victory's claims concerning defendants' alleged interference with his prescription medicine becuase Victory failed to exhaust administrative remedies with respect to these claims.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010) (futility exception to the

administrative exhaustion requirement requires that the inmate establish "that he actually filed a grievance or grievances").

The district court did not abuse its discretion in denying Victory's multiple requests for appointment of counsel because Victory failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and the exceptional circumstances requirement).

The district court did not abuse its discretion in denying Victory's motion to compel because the motion was untimely and Victory failed to establish good cause to excuse his late filing. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and allowing reversal only with "the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant").

Victory's motion for judicial notice, filed on August 12, 2011, is granted.

**AFFIRMED.**

11-16187